NATHAN W. HAZEN *vs.* BOSTON AND MAINE RAILROAD.

In an action of trespass, brought by the owner of land against a railroad corporation, for entering upon his land and there constructing their road, the burden of proving a justification, by showing that the land is covered by the authorized location of their road, is upon the defendants.

A plan or map, filed by a railroad corporation together with the location of their road, and expressly made " a part of the description of said location," may be referred to to explain, but not to modify or control the written location.

The location of a railroad, filed by the railroad corporation with the county commissioners, pursuant to Rev. Sts. *c.* 39, § 75, is conclusive evidence of the land taken for the road, as against the corporation, in an action of trespass brought against them by the owner of lands on which they have constructed their road; and cannot be controlled by extrinsic evidence.

A railroad corporation, who enter upon land for the purpose of constructing their road, before the expiration of the time limited by statute for filing their location, are liable as trespassers, if their written location, subsequently filed, do not cover the land so entered upon.

TRESPASS for breaking and entering the plaintiff's close in Lawrence, " bounded westerly by the road late the Essex Turnpike, northerly by the road leading from Sutton's Mill to Lowell, and easterly and southerly by land of the Essex Company," and there digging up, subverting and displacing the soil, and in some places digging excavations therein, and in other places raising embankments, and doing other wrongs and injuries to the premises. Writ dated May 5th 1848.

Plea, the general issue, with a specification of defence " that by virtue of the general laws of the Commonwealth, and of the special acts relating to said railroad, and especially of the acts relating to a change of the location of said railroad in Andover and Lawrence and Wilmington, [ *Sts.* 1846, *c.* 75 ; 1848, *c.* 322 ;] said railroad was duly authorized to locate, build and construct a railroad through and over any part of the premises described in the plaintiff's declaration, and for that purpose to take and use a strip of land not exceeding five rods in width ; that they did accordingly, under and by virtue of said general laws and special acts, take for said purpose the strip of land mentioned, described and referred to in the locations filed with the county commissioners of said county by said railroad, on the 3d day of March 1847, and 8th day of August 1848, respectively, and now

inclosed between fences on the sides, and being part of said premises mentioned in the plaintiff's declaration, and being five rods wide, and did construct a railroad thereon; that said railroad did and performed every thing required by law to justify such taking; and that all the acts, pretended in this case to constitute a trespass on the plaintiff's close, were done in and upon said strip taken .as above, and in locating, building and constructing said railroad, and were legal and justifiable acts; and that the plaintiff is not entitled to recover in this action."

Trial before *Metcalf,* J. who made a report thereof, with the consent of the parties, of which the material part was as follows:

" The plaintiff proved his title to the premises described in his declaration; and it was agreed that the defendants had, prior to the date of the writ, constructed a railroad, the embankments and excavations whereof were of the width of thirty feet, across it, though the cars had not then began to run over it; and this constituted the alleged trespass."

The defendants, to establish their justification, gave in evidence the locations mentioned in their specification of defence, each of which, " beginning at a point in their present road five and a half feet northwesterly of the south end of the Thompson curve," described, by courses and distances, the location of that portion of their road, located by them under the authority of *St.* 1846, *c.* 75, from said Thompson curve in the south parish of Andover to a point on " their present road near Sutton's Mills, in the north parish of Andover." With each of these locations, was filed a map or plan, showing the line of the railroad and the face of the surrounding country, and referred to in the location in these terms: " The boundaries of the road are delineated on the accompanying map, which makes a part of the description of said location."

" It was proved that, prior to March 3d 1847, the defendants had driven, in the plaintiff's land, the stakes to indicate where and how the workmen should build the road, and that it was built according to those stakes, and that no change was made in their or its centre line afterwards; and that if the line described in the location crosses the *locus in quo,* it does so in the longest line in the location."

" It is agreed that if the court are of opinion that the burden of proof is on the defendants, after entry on the plaintiff's land is shown, to prove that their road is upon the land covered by their filed location, and that the act of erecting it is not evidence competent to satisfy that burden, the defendants have not proved that the road is upon the land which the written part of the location, if taken alone and in its order as described, and not modified or qualified by the map, plan, or other competent extrinsic evidence, covers."

" If the court are of opinion, upon this case, that the plaintiff is entitled to recover, an assessor is to be appointed by the court to estimate the damages, and the defendants are to be defaulted, and a judgment entered therefor. If the court are of opinion that the plaintiff is not entitled to recover, judgment is to be entered for the defendants, as upon a nonsuit; or the court may send the case to a jury."

. The evidence, and the conclusions of fact at which the court arrived, so far as they are essential to the understanding of the questions of law decided, are stated in the opinion. Only so much of the arguments is reported as touched the points of law decided.

*R. Choate & O. P. Lord,* for the plaintiff. The plaintiff having proved the entry upon his land, without his assent, the subversion of the soil and the construction of a railroad by the defendants, they are liable as trespassers, unless they completely justify their acts. The validity of all their acts depends upon the sufficiency of their location. And the burden of proof is on them to show that it covers the land on which their railroad is built.

The filing of the location is the taking of the land; and is required chiefly, if not entirely, for the benefit of the owner, whose land is taken against his will. *Charlestown Branch Railroad* v. *County Commissioners,* 7 Met. 78. *Boynton* v. *Peterboro & Shirley Railroad,* 4 Cush. 469. *Boston & Providence Railroad* v. *Midland Railroad,* 1 Gray, 359–361.

The location of the road can be proved only by the written location filed with the county commissioners, pursuant to Rev.

Sts. *c.* 39, § 75. *Hinckley* v. *Hastings*, 2 Pick. 162. *Stone* v. *Cambridge*, 6 Cush. 270. *Hayes* v. *Shackford*, 3 N. H. 10. *Lewiston* v. *County Commissioners*, 30 Maine, 19. It is unimportant whether the land may be entered upon and taken before the location is filed; if the location, when filed, does not correspond with the land taken, the corporation are trespassers.

The plan filed with the location is referred to only to illustrate, and not to control or vary the description given in the location. The stakes, driven into the plaintiff's land before the filing of the location, were intended merely as guides to the workmen, and not as notice to the plaintiff what land was taken. And the act of constructing the road cannot control or be a substitute for the written location required by law. *Little* v. *Newport, Abergavenny & Hereford Railway*, 12 C. B. 752. *Springfield* v. *Connecticut River Railroad*, 4 Cush. 69, 70.

*J. Parker & G. Minot*, for the defendants. The filing of the location of a railroad, under Rev. Sts. *c.* 39, § 75, is not the taking of land, although it may be evidence of such taking. *Charlestown Branch Railroad* v. *County Commissioners*, 7 Met. 78. *Davidson* v. *Boston & Maine Railroad*, 3 Cush. 106. *Moore* v. *Boston*, 8 Cush. 274. If there is an actual and valid taking of land, such taking will not be invalidated by an accidental mistake in the description of the route in the filed location.

The object of Rev. Sts. *c.* 39, § 75, requiring a location to be filed with the county commissioners, is to give notice to the county commissioners, on which they may act in laying out highways, and performing other public duties; and not to enable individuals to know what part of their land has been taken. To them, it would be an unusual, insufficient and unsatisfactory mode of notice; they might have to survey the whole line of the road in order to ascertain what part of their land was taken; and their rights, in this respect, are sufficiently protected by Rev. Sts. *c.* 39, § 60, and *St.* 1848, *c.* 327, § 2, requiring the corporation to furnish them with a plan, on demand.

In filing a location under Rev. Sts. *c.* 39, § 75, a plan may be made part of the location; and when it is so made, the whole

is to be construed together, and the plan will govern, if incon-
sistent with courses and distances. *Henshaw* v. *Hunting*,
1 Gray, 203. *Blaney* v. *Rice*, 20 Pick. 62. *Slater* v. *Rawson*,
1 Met. 450. The acts of the railroad corporation are admissible
to explain the location, at least as far as the acts of parties are
admissible to explain a deed. *Stone* v. *Clark*, 1 Met. 378. *Frost*
v. *Spaulding*, 19 Pick. 445. *Makepeace* v. *Bancroft*, 12 Mass.
469. *Blaney* v. *Rice*, 20 Pick. 62.

The provision of Rev. Sts. *c.* 39, § 75, requiring the filing of a
location, does not restrain or affect the right of the corporation
to enter upon lands. The entry being lawful, and not made for
a limited time, continuing in possession of the land, after not
duly filing a location, does not constitute a new breaking and
entering of the plaintiff's close; nor, being a mere non-feasance,
can it make the defendants trespassers *ab initio*. But if it does,
the burden of proof is on the plaintiff to show the breach of
the condition subsequent, which constitutes the trespass.

THOMAS, J. This is an action of trespass *quare clausum*,
and comes before us upon a report of the facts, made, with the
consent of parties, by the presiding judge.

The plaintiff proved his title to the land described in the dec-
laration. It was agreed that the defendants had, before the date
of the writ, constructed a railroad across it. Such construction
constituted the alleged trespass. The defendants justify their
entry upon and use of the plaintiff's land under their charter
and the laws of the Commonwealth, regulating the location
and construction of railroads, and the taking or appropriation
of the land of private persons for the purpose.

Of the many questions which have been argued, it is neces-
sary to decide but two; for the decision of these settles the con-
troversy between the parties: 1. Is the land of the plaintiff, on
which the defendants have constructed their railroad, included
in or covered by the written location filed by the defendants?
2. If not, may the defendants resort to extrinsic evidence to
show what was the land intended to be taken; or is the location,
when filed, the sole and conclusive evidence of the land taken or
condemned to the servitude?

1. The first is a question of fact. The burden of proof is clearly upon the defendants. The plaintiff having proved his title, the entry by the defendants upon his land, and the construction of their railroad upon it, the defendants must justify by showing that this land is covered by the authorized location of their road. This the defendants fail to do. That such is the fact is substantially conceded in the report. Eminent and skilful engineers were examined, at the argument of the cause, as to the location and plan; and it is quite clear, wherever might be the burden of proof, that the *locus in quo* is not within the filed location. That is, applying the written location to the premises, as you would a deed or levy, the land upon which the defendants' road is constructed would not be included within or covered by it; and the difficulty, it seems to us, is not so much that the line of the location may not be traced; as that, when traced, it is shown to pass outside of the *locus*.

In determining this question, it is doubtless competent to refer to the plan or map, filed with the location and constituting part of the description, as you would to a map or plan, recorded with a deed, or referred to in it; but you cannot vary or modify the written location by such plan. You may explain, but you cannot control it. But the plan or map of the defendants furnishes no substantial aid in the construction of the written location; and neither by the written location, nor by the plan, nor by both taken together, do the defendants show that the land of the plaintiff, on which their railroad has been constructed, is within the location filed. On the other hand, the result of the evidence before us is that the road is actually constructed upon land outside of the filed location.

2. The other question is one of law. May the defendants resort to extrinsic evidence to show that the land in controversy was intended to be taken, or was in fact taken?

In cases where the landowner has received his damages for the road as actually constructed, he may be estopped to deny the right of the corporation to use the land in fact taken and used. But that is not the present case.

The Rev. Sts. *c.* 39, § 75, provide that " every railroad corpora-

tion shall, in all cases, file the location of their road within one year, with the commissioners of each county through which the same passes, defining the courses, distances and boundaries of such portion thereof as lies within each county respectively." The necessity for such a provision, and the object and purpose of it, are very plain. The right acquired by the corporation, though technically an easement, yet requires for its enjoyment a use of the land, permanent in its nature, and practically exclusive. The filing of the location is the act of taking the land. *Charlestown Branch Railroad* v. *County Commissioners*, 7 Met. 78. The location, when so filed, constitutes the written, permanent, record evidence of the land taken. It sets off by metes and bounds the land subjected to the servitude. It is conclusive upon the corporation and the landowner. It is the evidence, the only permanent evidence, of what the one has been permitted to take, and the other compelled to relinquish. Without it, the rights of either would be left in uncertainty, not only not ascertained, but not capable of being ascertained. The construction of the road-bed would mark but a part of the land taken. Whether the remainder of the five rods, if the road was laid out of that width, was on the one or the other side of the track, or equally on both, would not be known. Foreseeing the value and importance of this record, the law requires that it shall have the substantial certainty and precision of a deed—that it shall define the courses and distances and boundaries of the road laid. The failure to file within the time prescribed by law renders void the charter.

We are of opinion, therefore, that the defendants have failed in their justification; because the land of the plaintiff actually taken, and upon which the road of the defendants has been built, does not conform substantially to the description in the location filed, and is not covered by it. The road being built by the defendants upon land of the plaintiff, not included within their location, and over which they had no control, they are liable in trespass.

This view would not deprive the corporation of the right, subject to the restriction of furnishing security to landowners, con-

tained in §§ 60, 61, of Rev. Sts. *c.* 39, from entering upon the land and constructing their road before the time for the filing of their location had expired; but they must see to it that the location, when filed, covers the land actually taken. Otherwise, the record would conclusively show that the road was built upon land which the law had not condemned to that servitude, and to the use of which the defendants had no right.

So, though an entry upon the land for the purposes of survey may be justified under the charter, and trespass would not lie for such entry, yet possession for the purpose of constructing their road, or for running trains upon it, is not a continuance of such entry, but *alio intuitu,* and for a distinct purpose, and only to be justified by showing it was done on land taken under the charter and laws of the Commonwealth, of which taking th filed location furnishes the only and conclusive evidence.

*Judgment for the plaintiff.*